# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANK PAUL SORANO, JR.,

              Plaintiff,

v.

C.O. SUFFOLD and JOHN/JANE DOE,

              Defendants.

Case No. 17-CV-1463-JPS

**ORDER**

Plaintiff Frank Paul Sorano, Jr., who is incarcerated at the Milwaukee County Jail (the "Jail"), proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $2.58. *See* 28 U.S.C. § 1915(b)(1).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on October 15, 2017, Defendant C.O. Suffold ("Suffold") ordered him to serve another inmate, Roskum, with a food tray. (Docket #1 at 2). Roskum was known to be violent and severely mentally-ill. *Id.* When Plaintiff attempted to hand the food tray into Roskum's cell, he tried to escape the cell. *Id.* at 3. In the ensuing scuffle, Suffold closed Plaintiff's hand in the cell door. *Id.* This caused "severe pain and . . . numerous injuries" to Plaintiff's hand. *Id.* Plaintiff further alleges that the pain is ongoing and that the damage interferes with his sleep and aggravated other of his health conditions. *Id.* at 5.

Plaintiff's complaint states a claim against Suffold under the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). The Court views Plaintiff's claim

as one for failure to protect him from a known danger. The Seventh Circuit explains the contours of such a claim:

> A prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety. A claim that a prison official was deliberately indifferent to such a risk has both an objective and a subjective component. First, the harm to which the prisoner was exposed must be an objectively serious one. . . . [T]he subjective prong of the deliberate indifference claim . . . requires that the official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

*Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citations and quotations omitted).

*Gevas* is analogous. Gevas reported that his cellmate threatened to stab him, but prison officials did nothing. *Id.* at 477-79. They later stated that Gevas could have brought the matter to a head by refusing to enter his cell, but that would entail violating an order and being subject to discipline. *Id.* Gevas did not want to suffer this discipline and so continued to warn the prison officials via other channels. *Id.* Gevas' cellmate eventually carried out his threat. *Id.* The Court of Appeals held that Gevas need not be expected to defy an order to ensure his own safety. *Id.* at 484. Like Gevas, Plaintiff was exposed to danger by Suffold's order. The burden of ensuring his safety lay with Suffold, namely by rescinding the order, rather than with Plaintiff, by refusing to comply with it.[1]

---

[1]It is not clear whether Plaintiff's hand injuries were sufficiently serious to invoke Eighth Amendment protections, or how much Suffold knew about the

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): failure to protect Plaintiff from the risk of harm occasioned by Roskum, by Defendant C.O. Suffold, in violation of the Eighth Amendment. The Doe defendant will be dismissed; Plaintiff makes no mention of them in the body of his complaint.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant John/Jane Doe be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the

---

dangers presented by Roskum. At this stage, however, the Court must view Plaintiff's allegations in a light most favorable to him.

Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendant. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge